UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EVERETTE HILL-MCAFEE ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 4:20-cv-01264-SEP |
| ) | |
| MICHELLE BUCKNER, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

Before the Court are Petitioner Hill-McAfee's Motion for Appointment of Counsel, Doc. 15, and Motion for Oral Argument, Doc. 16. Having considered Plaintiff's arguments, the Court will deny both motions.

**I.    Motion for Appointment of Counsel**

Petitioner requests "appointment of counsel [pursuant] to [his] Sixth Amendment [right in a] criminal case." Doc. 15. But "[a] habeas corpus proceeding is civil in nature and 'the Sixth Amendment's right to counsel afforded for criminal proceedings does not apply.'" *Quinn v. Dooley*, 272 F. Supp. 2d 839, 843 (D.S.D. 2003) (quoting *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994)); *accord Phillips v. Jasper Cty. Jail,* 437 F.3d 791, 794 (8th Cir. 2006). A district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley,* 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the legal and factual complexity of the case, the ability of the pro se litigant to investigate the facts and present his claim, and the existence of conflicting testimony. *Phillips,* 437 F.3d at 794.

After considering the relevant factors, the Court finds that the appointment of counsel is not warranted at this time. Petitioner's grounds for habeas relief do not appear to be factually or legally complex, and he has thus far been able to articulate his claims in a clear and concise manner. Petitioner has not identified any need to obtain additional

1

discovery that might be limited by his incarceration; nor has he complained of any inability to investigate the facts of his case.  And finally, Petitioner has not identified any conflicting testimony.  Therefore, as Petitioner has demonstrated that he can adequately present his claims without an attorney, the Court finds that the interests of justice do not warrant appointment of counsel at this time.

II.     **Motion for Oral Argument**

Petitioner also requested "oral argument for [his] criminal case [pursuant] to Article 1 Section 18(a)(b)."  Petitioner does not identify the source of "Article 1 Section 18," however.  "The privilege of the Writ of Habeas Corpus," is found in Article 1, Section 9, Clause 2 of the United States Constitution, and does not contain any right to oral argument.

"Although state prisoners may sometimes submit new evidence in federal court, [the Antiterrorism and Effective Death Penalty Act's] statutory scheme is designed to strongly discourage them from doing so."  *Cullen v. Pinholster,* 563 U.S. 170, 185 (2011) (citing 28 U.S.C. § 2254(d)(1) & 2254(e)(2)); *see also Perry v. Kemna*, 356 F.3d 880, 889 (8th Cir. 2004) (AEDPA "sharply limit[s]" a federal district court's power to conduct an evidentiary hearing in a habeas case.).  AEDPA sets forth several specific restrictions on the federal district court's ability to hold an evidentiary hearing on a federal habeas claim.  *See Pinholster,* 563 U.S. at 181 (holding that review under § 2254(d)(1) is generally limited to the record that was before the state court that adjudicated a claim on the merits).  AEDPA provides that:

> the court shall not hold an evidentiary hearing on the claim unless the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or a factual predicate that could not have been previously discovered through the exercise of due diligence; and the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2).

Having reviewed the Petition and the record, the Court finds that there is no need for a hearing at this time.  Petitioner offers no reason for why he needs oral argument and thus fails to demonstrate that a hearing is justified.  If the Court later determines that a

hearing is necessary, the Court will appoint counsel and permit Petitioner to have a hearing. At this time, however, Petitioner's request is denied.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion for Appointment of Counsel, Doc. [15], is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Oral Argument, Doc. [16], is **DENIED**.

Dated this 2nd day of May, 2022.

*[signature]*

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE